lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 07-40027-JAR |
| ) | |
| **LORENZO HERNANDEZ,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER DENYING
## DEFENDANT'S MOTION TO CORRECT OR REDUCE SENTENCE

On December 7, 2009, this Court sentenced defendant Lorenzo Hernandez to a mandatory minimum term of 60 months' imprisonment, which was ordered to run concurrently with the undischarged term in United States District Court, Southern District of Texas, Laredo Division, Case No. 07-CR-852-001.[1] As noted in the Presentence Investigation Report ("PSIR") and at sentencing, defendant had been incarcerated in the Southern District of Texas case since May 25, 2007, and received a 51-month custody sentence on April 1, 2008.[2] This matter is before the Court on defendant's *pro se* Motion to Correct or Reduce Sentence Pursuant to Rule 35 and Rule 36 of the Federal Rules of Criminal Procedure (Doc. 32). Defendant contends that he should receive credit for time served in the Southern District of Texas case that he served prior to his sentencing in the District of Kansas.

Rules 35 and 36 of the Federal Rules of Criminal Procedure are the only Rules creating

---

[1](Doc. 30.)

[2](PSIR ¶ 35.) The instant case was filed while defendant was serving his sentence in Texas.

the authority for a district court to modify a sentence. Rule 35(a) allows for the correction of a sentence imposed in violation of law or an incorrect application of the sentencing guidelines, and must be made within fourteen days after sentencing.[3] Defendant does not timely assert such a claim, and the Court knows of no illegality or impropriety in the sentence imposed. Accordingly, the Court finds that it lacks jurisdiction under Rule 35 to modify defendant's sentence, which is neither illegal nor improper.[4]

Rule 36 allows for the correction of clerical mistakes or oversights in the record arising from oversight or omission. Although defendant does not allege any clerical errors, he does assert that the sentence should be corrected to conform to the intentions of the parties expressed at the sentencing hearing. Thus, in view of defendant's *pro se* status, the Court will analyze his motion under Rule 36. As explained below, the motion is denied.

The calculation of a federal sentence is governed by 18 U.S.C. § 3585. Under § 3585(a), a federal sentence commences on the date the defendant is received in custody to begin service of his sentence.[5] "Logically, it 'cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'"[6] Thus, defendant did not begin his 60-month term of imprisonment in the District of Kansas case until he was sentenced on December 7, 2009. Moreover, defendant's argument that the parties intended for him to receive credit for time served in the Southern District of Texas case is misplaced. Defense counsel filed a

---

[3]Fed. R. Crim. P. 35(a).

[4]*United States v. Hernandez*, 975 F.2d 706, 709 (10th Cir. 1992).

[5]18 U.S.C. § 3585(a).

[6]*Demartino v. Thompson*, 116 F.3d 1489, 1997 WL 362260, at *2 (10th Cir. 1997) (quotation omitted).

2

Sentencing Memorandum acknowledging the mandatory minimum term of 60 months, and urging the Court to exercise its discretion to run the sentence in this case concurrent with the undischarged case, rather than consecutively, as permitted by U.S.S.G. § 5G1.3(c).[7] The Court granted defendant's request and ordered his 60-month sentence to run concurrently with the undischarged term in the Southern District of Texas case, affording him a significant break with respect to potential time in custody.[8]

Finally, the Court notes that it may not modify a term of imprisonment once it has been imposed except in certain circumstances, none of which apply in this case.[9] Thus, defendant's motion to correct or reduce his sentence is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Correct or Reduce Sentence (Doc. 32) is DENIED.

**IT IS SO ORDERED.**

Dated: October 20, 2010

                                                        S/ Julie A. Robinson
                                                       JULIE A. ROBINSON
                                                       UNITED STATES DISTRICT JUDGE

---

[7](Doc. 27.)

[8](Doc. 30.) Defendant's term of incarceration would be 111 months if his sentence was ordered to run consecutively to the Southern District of Texas case.

[9]*See* 18 U.S.C. § 3582(c) (permitting modification of imposed term of imprisonment 1) upon motion of the Director of the Bureau of Prisons, 2) to the extent permitted by Rule 35, or 3) where the applicable sentencing range has subsequently been lowered); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).